UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELISSA McKENNA,

       Plaintiff,                           Case No. 13-12687
                                                    Honorable Thomas L. Ludington

v.

AETNA LIFE INSURANCE
COMPANY, and DOW CORNING
CORPIRATION LTD PLAN,

       Defendants.
                                      /

**OPINION AND ORDER OVERRULING PLAINTIFF'S PROCEDURAL CHALLENGE, LIMITING REVIEW TO THE ADMINISTRATIVE RECORD, AND SETTING DATES**

      Melissa McKenna (McKenna) filed this action against the Aetna Life Insurance Company (Aetna) and the Dow Corning Corporation LTD Plan (Dow LTD) seeking long term disability benefits. In her one-count complaint, McKenna asserts that she was employed by Dow Corning Corporation, Inc., and that she participated in a "welfare benefit plan" administered by Dow LTD and governed by the Employee Retirement Income Security Act of 1974 (ERISA). *See* Pl.'s Compl. ¶ 3, ECF No. 1. McKenna claims that Aetna "insured the [Dow LTD] plan." *Id*. ¶ 4.

      According to McKenna, she suffered "severe and debilitating lumbar spinal injuries" which prevent her "from performing the duties required of her own or any occupation . . . ." *Id*. ¶¶ 8, 10. Despite her alleged disability, Aetna and Dow LTD denied most of McKenna's claims for benefits. *Id*. ¶¶ 14–17.

      On December 19, 2013, McKenna filed a statement of procedural challenge. *See* Pl.'s Proc. Challenge, ECF No. 20. She emphasizes that Aetna "not only had the obligation to pay the

benefits pursuant to a . . . disability policy issued to Ms. McKenna's employer," but also that Aetna "retained the right to review the claim and to make the determination as to whether [it] should pay the benefits or not." *Id*. at 7. According to McKenna, "this situation creates an obvious conflict of interest and an obvious bias that needs to be addressed through discovery in this case." *Id*. But review of Aetna's decision under the de novo standard of review forecloses the relief McKenna seeks.

Generally, a district court is "confined to the record that was before the Plan Administrator" when reviewing that plan administrator's decision under ERISA. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) (citing *Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990)). Accordingly, "a court reviewing a party's ERISA claim cannot consider evidence outside the Administrative Record." *Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x 481, 485 (6th Cir. 2007) (citation omitted).

There is a narrow exception to this rule. A court may consider evidence outside the administrative record "if additional evidence is necessary to resolve a claimant's procedural challenge to the administrator's decision to deny benefits." *Putney v. Med. Mut. of Ohio*, 111 F. App'x 803, 806 (6th Cir. 2004) (citation omitted). Procedural challenges to an administrator's decision include "an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id*. at 807 (citation omitted).

But the conflict of interest that arises when a plan administrator determines plan eligibility and is then obligated to pay benefits does not always require discovery outside of the administrative record. In fact, a "mere allegation of bias is not sufficient to permit discovery" under the narrow exception described above. *Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (collecting cases). In *Johnson*, the Sixth Circuit established that the

Supreme Court has "discourage[ed] the creation of special procedural or evidentiary rules for evaluating administrator/payor conflicts of interest" because "[d]istrict courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge." *Id*. at 466–67. And although the Sixth Circuit has not outlined a hard-and-fast rule for determining whether a conflict of interest deserves discovery outside of the administrative record, the court in *Johnson* did note that because "[p]laintiff offered more than a mere allegation of bias," the district court "did not abuse its discretion by allowing plaintiff to conduct limited discovery . . . ." *Id*. at 467.

Of course, as recognized by this Court, a plan administrator's alleged conflict of interest is only relevant—thus warranting pretrial discovery—when the standard of review concerning the administrator's decision is the lenient arbitrary and capricious standard. *See Price v. Hartford Life & Acc. Ins. Co.*, 746 F. Supp. 2d 860, 866 (E.D. Mich. 2010) (citation omitted). If, in the other hand, "the standard of review is *de novo*, then the significance of the administrator's conflict of interest evaporates." *Id*. And so when a court applies the de novo standard of review, discovery into alleged conflicts of interest is unnecessary; indeed, Federal Rule of Civil Procedure 26 only allows for pretrial discovery into "any nonprivileged matter *that is relevant* to any party's claim or defense" or "any matter *relevant* to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1) (emphasis added).

In this case, both parties agree that the Court's review of Aetna's benefits decision will be conducted under the de novo standard of review. *See* Pl.'s Review Statement 2 ("the Court should conduct a De Novo review of the administrative record in this matter."), ECF No. 17; Def.'s Review Statement 1 ("the standard of review to be utilized by this Honorable Court is the de novo standard."), ECF No. 18. Because an alleged conflict of interest is irrelevant under de

novo review, there is no need for discovery into the issue, and McKenna's procedural challenge will be overruled. The Court will also set revised dates for the submission of the Administrative Record, and for the parties to file cross motions for summary judgment.

Accordingly, it is **ORDERED** that McKenna's procedural challenge is **OVERRULED** and her request for limited discovery outside of the Administrative Record is **DENIED**.

It is further **ORDERED** that the parties' cross motions to affirm or reverse the administrator's decision are due on or before **May 16, 2014**. When Aetna and Dow LTD file their motion, they are **DIRECTED** to also file the entire administrative record under seal. A courtesy copy of the administrative record, bound on the left margin ("book style"), shall also be furnished to chambers.

Dated: April 9, 2014                                       s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 9, 2014.
                              s/Tracy A. Jacobs
                              TRACY A. JACOBS

---